IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven Hewitt, | ) | C/A No. 0:12-665-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Dr. George J. Amonitti, | ) | |
| Defendant. | ) | |

Plaintiff Steven Hewitt ("Hewitt"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 13.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hewitt of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 15.) Hewitt filed a response in opposition (ECF No. 22), and the defendant replied (ECF No. 23). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

**BACKGROUND**

In this matter, Hewitt alleges that the defendant was deliberately indifferent to his medical needs. Hewitt alleges that on or around February 12-13, 2011, while following instructions from a staff member at Lieber Correctional Institution, he fell and landed on his left hip in a seated position. As a result, Hewitt states that he suffered severe pain. Hewitt's Complaint indicates that he reported to the doctor's clinic and/or the defendant numerous times for treatment for this injury. The medical

records attached to Hewitt's Complaint support that these visits occurred and disclose additional visits for treatment. Although Hewitt states that he was denied "treatment," the medical records attached to his Complaint and Hewitt's other allegations belie this assertion. Essentially, Hewitt appears to challenge the treatment provided and complain that on several medical visits he was denied requested pain medication for his leg and back pain. (See generally Compl., ECF No. 1.)

## DISCUSSION

**A.     Motion to Dismiss Standard**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson, 551 U.S. at

PJG

94. Further, the court may ordinarily consider exhibits attached to the Complaint in considering a motion for judgment on the pleadings. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc, 637 F.3d 435, 448 (4th Cir. 2011) (" In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint.").

**B.        Deliberate Indifference—Medical Treatment**

To establish a claim under the Eighth Amendment for deliberate indifference to medical needs, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn,

PJG

896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for.").

Although Hewitt's Complaint appears to allege a serious medical need, his Complaint and attachments demonstrate that Hewitt was seen on numerous occasions for his complaints of pain and that treatment was provided, including ordering that Hewitt receive "meals on wheels," as well as a crutch, a cane, and ultimately a wheelchair; providing him with Phenylgesic, Neurontin, Tylenol #3, and Flexeril; and ordering an MRI. The crux of Hewitt's Complaint is that the defendant did not provide him with appropriate treatment to relieve his pain, alleging specifically that he was not provided with pain medication that he requested during several of the visits. Thus, even accepting all of Hewitt's factual allegations as true, his claim as stated above amounts to a difference of opinion over a course of medical treatment, which fails as a matter of law.[1]  See Nelson, 603 F.3d

---

[1] Hewitt also submitted declarations from several inmates. (ECF Nos. 34, 38, 39, 40, 45, 46, & 47.) However, it is not proper for the court to consider these declarations in connection with a motion for judgment on the pleadings. Further, the court observes that they were submitted after Hewitt's response deadline and without leave of the court. Nonetheless, consideration of these declarations would not change the court's recommendation in this matter.



at 449; Jackson, 846 F.2d at 817. Moreover, even construing Hewitt's claim as asserting that the measures that the defendant has taken to alleviate his pain have been unsuccessful, this likewise is insufficient as a matter of law to assert a constitutional violation. See Estelle, 429 U.S. at 106.

**RECOMMENDATION**

An inmate is not entitled to the treatment of his choice. Viewing his factual averments as true, Hewitt has not alleged facts stating a plausible claim of deliberate indifference. Therefore, the court recommends that the defendant's motion to dismiss (ECF No. 13) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 18, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).