IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Lee Hewitt,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Dr. George J. Amonitti,<br><br>　　　　　Defendant.<br>_____ | ) Civil Action No.: 0:12-cv-665-MGL<br>)<br>)<br>)<br>) **ORDER AND OPINION**<br>)<br>)<br>)<br>)<br>) |

　　　　Plaintiff Steven Lee Hewitt ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Dr. George J. Amonitti ("Defendant") was deliberately indifferent to his medical needs. (ECF No. 1.) Plaintiff is currently housed at Lieber Correctional Institution in Ridgeville, South Carolina. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　　On April 19, 2012, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's complaint fails to state a claim upon which relief can be granted. (ECF No. 13.) Plaintiff filed his response on May 17, 2012, stating that his "one and only complaint" is that "he was not provided pain medicine by the Defendant to relieve him of the pain in his back and leg." (ECF No. 22 at 2.) Defendant filed a reply on May 29, 2012, in support of the Motion to Dismiss. (ECF No. 23.) On October 18, 2012, Magistrate Judge Gossett issued a Report and Recommendation ("Report") recommending that the Court grant Defendant's Motion to

Dismiss because: 1) an inmate is not entitled to the treatment of his choice and 2) even viewing Plaintiff's factual averments as true, Plaintiff failed to allege facts stating a plausible claim of deliberate indifference. (ECF No. 50 at 6.) The Report sets forth the relevant facts and standards of law on this matter and the Court incorporates such without recitation. Plaintiff filed a twelve page response to the Report raising several new factual allegations. (ECF No. 52.) Defendant filed a reply to Plaintiff's response to the Report and Recommendation on November 19, 2012. (ECF No. 53.)

## REPORT AND RECOMMENDATION AND RESPONSES

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff's objections consist of recitations of portions of the Magistrate Judge's Report and Recommendation and multiple insertions of factual content that was absent from the complaint and in some instances, appear to contradict the initial pleading. (ECF No. 52.) The Court has considered Plaintiff's objections and has grouped the objections based on the central themes for the purposes of discussion here. Plaintiff: 1) claims he never stated that he received "no treatment" from the medical unit or that he never received any pain treatment for his leg, his contention is that Defendant, specifically, failed to give

him treatment; 2) he objects to the Magistrate Judge's conclusion that he failed to establish a claim for deliberate indifference to medical needs because he contends that the medical records show that Defendant failed to treat Plaintiff for over seven months and before that, failed to give him any treatment; 3) he claims that the treatments he received that were referenced in the Report were in fact ordered by another doctor, not Defendant, and that Defendant subsequently and intentionally discontinued the treatment that was ordered for him; and 4) he claims that Defendant had actual knowledge of his medical condition and still would not issue any treatment to him that would ease his pain while Defendant developed a plan for treating his lumbar disease and chronic back pain. To summarize these points, Plaintiff contends that he is not complaining about the South Carolina Department of Corrections and their medical treatment in this matter, instead he is complaining about "the defendant refusing him any treatment for over seven months and stopping treatment started by another doctor. " (ECF No. 52 at 10.) Plaintiff's "objections" are more in the nature of a general recitation of new factual assertions, rather than a pointed objection to any portion of the Report and Recommendation.

## ANALYSIS/DISCUSSION

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss which challenges the legal sufficiency of a complaint based on the pleadings. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the

complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Plaintiff must put forth enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court must also liberally construe Plaintiff's *pro se* complaint to allow for the development of a potentially meritorious case. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007). Still, the requirement of liberal construction does not give this Court leave to ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Plaintiff's complaint seeks recovery for alleged violation of his rights under the Eighth Amendment caused by "neglect of a serious medical need, deliberate indifference to medical needs, and inadequate [medical] care." (ECF No. 1 at 5.) The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97,104 (1976) (internal quotation marks and citation omitted). To prevail on an Eighth Amendment claim, Plaintiff must establish two requirements: (1) a sufficiently serious

deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the second prong, an inmate must show that the prison official's state of mind was one of "deliberate indifference" to the inmate's health and safety. *Id.*  A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that risk. *Id.* at 847; *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004).

The Court has viewed Plaintiff's complaint in light of these standards and in the manner most favorable to Plaintiff.  The Court agrees with the recommendation of the Magistrate Judge that this case be dismissed for failure to state a plausible claim of deliberate indifference against Defendant.  Plaintiff's complaint fails to set forth sufficient factual allegations indicating a deprivation of his rights or a sufficiently culpable state of mind of Defendant and therefore fails to state a plausible claim of deliberate indifference.  Plaintiff raises several factual assertions in his Objections to the Report and Recommendation that were not raised in the complaint and therefore were not before the Magistrate Judge when she reviewed Defendant's Motion to Dismiss.  This Court is not obligated to view these factual obligations in the same light as assertions made in Plaintiff's initial complaint and declines to do so here.  *See Goodman v. Wexford Health Sources, Inc.*, 425 Fed. Appx. 202, 204-205 (4th Cir. 2011); *Doe v. Chao*, 306 F.3d 170, 183 n. 9 (4th Cir. 2002).

The Court has carefully reviewed the record, the Report and Recommendation and Plaintiff's Objections and concurs in the recommendation of the Magistrate Judge.  The Court adopts the Report and Recommendation and incorporates it herein by reference to

the extent it is consistent with this Order.  As the complaint stands, Plaintiff has not stated a valid claim and Defendant's Motion to Dismiss is hereby GRANTED.  This case is dismissed WITHOUT PREJUDICE and WITH LEAVE TO REPLEAD.

    IT IS SO ORDERED.

                                      s/Mary G. Lewis
                                      United States District Judge

Spartanburg, South Carolina
January 14, 2013